UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREAR STEPHEN SCHMID, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA by and through its PERMIT AND RESOURCE MANAGEMENT DEPARTMENT,<br><br>  Defendant. | Case No. 21-cv-01920-JD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 7 |

For defendant County of Sonoma's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Dkt. No. 7, the parties' familiarity with the record is assumed, and the Section 1983 claim is dismissed with leave to amend. The County's request for judicial notice, Dkt. No. 8, is denied as moot, as the Court did not rely on the request in any way for this order.

Under the well-established standards of *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the County may be called to answer a Section 1983 claim in federal court only if the complaint plausibly alleges a pattern, practice, or custom of constitutional violations. *See Monell*, 436 U.S. at 690-91; *Prebilich v. City of Cotati*, No. 3:21-CV-02380-JD, 2021 WL 5964597, at *1 (N.D. Cal. Dec. 16, 2021). "A policy or practice requires more than a few occurrences of challenged conduct. A single or even a few isolated and sporadic incidents of unconstitutional conduct are not enough to impose municipal liability under Section 1983." *Prebilich*, 2021 WL 5964597, at *2 (citing *Gant v. Cnty. of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014)). Liability must be "founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

The complaint focuses entirely on a single incident involving the County's approval of developments on land abutting plaintiffs' property. *See* Dkt. No. 1 ¶¶ 3-5. No facts are alleged that might plausibly demonstrate a potentially actionable pattern of unconstitutional conduct, as is required for a Section 1983 claim against the County. Plaintiffs did not argue otherwise in opposing the motion, and so in effect conceded the shortfall. *See* Dkt. No. 9 at 4.

The suggestion that the claim may nevertheless stand because the County's conduct was "ratified by the County's policy maker," namely the director of the zoning department, *id.*, does not save the claim from dismissal. The complaint is equally devoid of facts sufficient to plausibly allege ratification for Section 1983 purposes, *see Shen v. Albany Unified Sch. Dist.*, No. 3:17-CV-02478-JD, 2018 WL 4053482, at *2 (N.D. Cal. Aug. 24, 2018) (and cases cited therein), and offers only a wholly conclusory characterization of the director's ostensible actions, *see* Dkt. No. 1 ¶ 7.

Consequently, the Section 1983 claim is dismissed with leave to amend. Plaintiffs may file an amended complaint that is consistent with this order by February 18, 2022. A failure to meet that deadline will result in dismissal with prejudice under Rule 41(b). Plaintiffs are advised that including multiple "counts" within a single claim, as the current complaint does, is not consistent with the mandate of a "short and plain statement of the claim" as mandated by Rule 8(a).

The Court is advised that a California state court action involving the same parties and operative facts was set for trial on November 19, 2021. Dkt. No. 7 at 7. The parties are directed to file by February 4, 2022, a joint statement reporting on the outcome of the trial, if any.

**IT IS SO ORDERED.**

Dated: January 26, 2022

_____
JAMES DONATO
United States District Judge